We concur:　Jᴏʜɴ B. Hᴏʏᴛ, Associate Justice.
　　　　　　　Rᴏɢᴇʀ S. Gʀᴇᴇɴᴇ, Chief Justice.

---

LOGAN P. MULKEY, Aᴘᴘᴇʟʟᴀɴᴛ,

*v.*

JOHN H. McGREW, Aᴘᴘᴇʟʟᴇᴇ.

The certificate of the Clerk of the District Court, that the evidence contained in the record is all the evidence in the cause reported in the trial Court, by a referee to whom the cause was referred for taking and reporting the evidence, is not a certificate showing that all the evidence in this case is certified into this Court, and, therefore, in contemplation of the statute, is no certificate.

It is not within the power of the parties to waive such certificate, by stipulation or estoppel, because, by so doing, it would place it in their power to have the cause disposed of here upon evidence in whole or in part different from that which was introduced in the Court below.

Aᴘᴘᴇᴀʟ from First Judicial District, holding terms at Pomeroy.

To appellee's suit of foreclosure of a mortgage, given to secure the payment of two promissory notes, representing in part the purchase price of the mortgaged premises, the appellant, by way of recoupment of damages, pleaded a conveyance of the mortgaged premises by the appellee to appellant, by a deed of warranty save as to a single incumbrance, and also a corrective deed warranting against all manner of incumbrances—a breach of the covenants contained in such deeds, by reason of prior grants by appellee of two certain rights of diversion of water for mechanical purposes, from the stream flowing through the

granted premises, together with rights of way and other privileges incidental to such grants.

The latter, or corrective deed, the lower Court found to have been fraudulently obtained, and therefore void.

The trial Court also found the damages resulting from the breach of the first conveyance to be three hundred dollars, and deducted that sum from the aggregate of principal and interest at date of the decree.

Said appellee appeared specially, and asked that the appeal herein be dismissed, on the grounds following :

First.   The notice of appeal herein does not contain the title of the District Court in which the proceedings sought to be reviewed were had.   (Code of Washington, 1881, Sec. 458; Laws of Washington Territory, 1883, p. 47.)

Second.   The appellant does not claim, nor does said notice show that he claims, to be aggrieved by any of the decisions, rulings, orders or decree of the Court below, or any error or supposed error that said Court may have committed.   (Code of Washington, 1881, Sec. 458.)

The motion to dismiss having been overruled, the cause was argued upon its merits, but it being brought to the Court's attention that the evidence was authenticated in the manner indicated in the syllabus, the judgment of the lower Court was affirmed.

*J. B. Allen* and *D. J. Crowley*, for Appellant.

A covenant against incumbrance is broken by the existence, at the date of the covenant, of such rights of way and rights of diversion of water as are shown in this case.   (Rawle on Covenants for Title, 100; *Beach* v. *Willis*, 51 Ill. 206; 2 Am. Rep. 290; *Kellogg* v. *Malin*, 50 Miss. 496 ; 11 Am. Rep. 426; *Barlow* v. *McKinley*, 24 Iowa, 70 ; *Harlow* v. *Thomas*, 15 Pick. 66 ; *Richard* v. *Bent*, 59 Ill. 38.)

Damages for breach of a covenant against incumbrances is a proper subject of set-off to a suit on note and mortgage for purchase money.   (Rawle on Covenants for Title, 606, 607, and 642; *Walker* v. *Wilson*, 13 Wis. 522; Code of Washington, 48, Sec. 83 ; *Patterson* v. *Sweet*, 3 Ill. Appeal, 550.)

In this case, the incumbrances or servitudes being of a permanent nature, and incapable of removal, the measure of damages should be a just compensation for the real injury resulting from their continuance, and should be the difference between the value of the premises with and without the incumbrances. (Sedgwick on the Measure of Damages, 4th ed., p. 196; *Harlow* v. *Thomas*, 15 Pick. 66; The Law of Damages, Field, Sec. 452; *Bronson* v. *Coffin*, 108 Mass. 175; *Burbank* v. *Pilsbury*, 48 N. H. 475.)

The fact that the incumbrances were known to the grantee would not relieve the grantor from liability on his covenant against incumbrances. (*Burk* v. *Hill*, 48 Ind. 52; *Beach* v. *Willis*, 51 Ill. 206; *Williamson* v. *Hall*, 62 Miss. 405; *Harlow* v. *Thomas*, 15 Pick. 70; Rawle on Covenants for Title, 116 and 117.)

*W. A. George* and *T. J. Anders*, for Appellee.

That there was no mistake in the said first deed and nothing to be corrected, and the evidence shows the second deed to be as found by the Court, fraudulent and void, and that the finding of the Court was not contrary to the evidence. The Court found three hundred dollars damages for the breach of covenant contained in the first deed, and that was the gross damages sustained by appellant to the time of the decree, including all interest and injury by him sustained up to that time; and it made no difference whether the same was deducted from the principal or interest, or both, so that it was taken from the amount found due the plaintiff below; and the Court so deducted it, and committed no error in so doing; and the evidence shows that the same was fully adequate to compensate appellant for all injury by him sustained, or likely to be sustained, by breach of said covenant.

Opinion by HOYT, Associate Justice.

The only grievances alleged by the appellant in this cause as a reason for disturbing the judgment and decree of the Court below grow out of the facts of the case, and this Court cannot pass

upon the alleged errors of the Court below, without having before it the evidence thereon taken and used.

Upon an examination of the records, we fail to find any evidence properly certified to this Court; the only certificate to what purports to be the evidence being one made by the person appointed to take such testimony as referee in said cause; and this Court has repeatedly held that such certificate is of no value whatever in this Court, his certificate not being that of an officer authorized to certify such testimony under the laws of this Territory.

But it is claimed by the appellant that the appellee has, by his appearance, waived any such irregularity, and that by appearing herein and arguing the questions of fact growing out of what purports to be the testimony in the cause, he will be held to have stipulated that the same was, in fact, the testimony given upon the trial of said cause.

We do not think, however, that under the circumstances of this case, the conduct of the parties would be such as to amount to such a stipulation; and even if it did, this Court would not give force to such a stipulation, as by so doing it would put it in the power of the parties to an action to have the same disposed of here, upon evidence in whole or in part different from that which was introduced in the Court below.

The evidence not being here, this Court has no jurisdiction of the cause for the purpose of disposing of any question connected with the facts thereof; and there being no other questions presented in this record, it follows that the judgment and decree of the Court below must be affirmed, and it is so ordered.

We concur:   GEORGE TURNER, Associate Justice.
              ROGER S. GREENE, Chief Justice.